UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KENNETRA TOOGOOD                                                                           Plaintiff

v.                                                                          Civil Action No. 3:20-cv-93-RGJ

THE RECEIVABLE MANAGEMENT                                                                 Defendant
SERVICES LLC

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiff Kennetra Toogood ("Toogood") alleges violation of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692(e), by Defendant The Receivable Management Services LLC ("RMS") for failure to state the amount of the debt and deceptive debt collection practices. [DE 1 at 9–10]. RMS moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. [DE 28]. Toogood responded [DE 35] and RMS replied [DE 38]. This matter is ripe. For the reasons below, the RMS's Motion to Dismiss [DE 28] is **GRANTED**.

### I. BACKGROUND

Toogood is a resident of Louisville, Kentucky. [DE 1 at 3]. RMS is a "debt collector," as defined by 15 U.S.C. § 1692a(6), from Harrisburg, Pennsylvania. [*Id*.]. On February 16, 2019, RMS sent a debt collection letter to Toogood seeking to collect her alleged debt to Waste Management. [DE 1 at 6]. The letter states that RMS is "a debt collection company" and explains Toogood's responsibility to dispute the debt by written notice within 30 days of receiving the letter, otherwise RMS will assume that the debt is valid. [DE 1-2 at 2]. In the "Re:" line of the February 16, 2019 letter the "Amount Owed" is $152.63. [*Id*.]. The February 16, 2019 letter also states that

1

"[t]he amount owed is subject to change if an additional invoice is placed for collection or a credit is processed by Waste Management and applied to your account." [*Id.*]. Following this statement is the statutory thirty-day notice required by 15 U.S.C. § 1692g. [*Id.*].

Toogood alleges that she suffered an "information injury" due to RMS's misleading letter. [DE 1 at 9]. This "informational injury" arose because the letter at issue "confuse[d] the consumer" and created an uncertainty as to the amount owed. [*Id.*]. Toogood does not assert that she made a payment on the debt or would have disputed the debt if the letter had been worded differently. The Court dismissed Toogood's claims arising under § 1692g [DE 24] and stayed discovery pending the outcome of RMS's most recent motion to dismiss [DE 32].

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Generally, Rule. 12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the Defendant asserts that the allegations in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction and the Court is free to weigh the evidence. *Id.* The plaintiff has the burden of proving subject matter jurisdiction to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990). Because this is a facial attack, the allegations in Toogood's Complaint are presumed to be true. *See Armstrong Coal Co. v. United States DOL*, 927 F. Supp. 2d 457, 461 (W.D. Ky. 2013).

A plaintiff must have standing under Article III of the Constitution, which "limits the judicial power to resolving actual 'Cases' and 'Controversies.'" *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 860 (6th Cir. 2020). The standing test has three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The plaintiff's injury in fact must be both "(a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).

### III. DISCUSSION

RMS argues that Toogood does not have Article III standing because she has not alleged an injury in fact.[1] [DE 28 at 156]. In response, Toogood contends that she has standing because RMS violated § 1692e. [DE 35 at 182].

Although an intangible harm, such as RMS's alleged violation of § 1692e, can qualify as an injury in fact, Toogood "does not automatically have standing simply because Congress authorizes a plaintiff to sue a debt collector for failing to comply with the FDCPA." *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 361 (6th Cir. 2021) (citing *Spokeo*, 578 U.S. at 341). "In other words, 'an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law.'" *Spillman v. Mason, Schilling & Mason Co. LPA*, No. 3:21-CV-269-DJH, 2022 WL 696801, at *2 (W.D. Ky. Mar. 8, 2022) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021)). Accordingly, Toogood "must show either that the procedural harm itself is a concrete injury of the sort traditionally

---

[1] RMS only alleges that Toogood failed to allege an injury in fact, so the Court will limit its analysis to the first element of Article III standing.

recognized or that the procedural violations caused an independent concrete injury." *Ward*, 9 F.4th at 361.

### A. Violation of § 1692e as an Injury in Fact

Toogood argues that RMS's alleged violation of § 1692e constitutes an injury in fact. [DE 35 at 182].  She also contends that the that the confusion she experienced after receiving RMS's letter satisfied the injury-in-fact requirement because it is the type of harm Congress sought to remedy when it enacted the FDCPA. [*Id.*].  In response, RMS contends that Congress did not confer standing simply by passing the FDCPA. [DE 38 at 211].

The Supreme Court has held that a plaintiff cannot "automatically satisf[y] the injury-in-fact requirement when a statute grants a person a statutory right" to sue. *Spokeo*, 578 U.S. at 341. Instead, the plaintiff must demonstrate that the violation "resembles a harm traditionally regarded as providing a basis for a lawsuit." *Ward*, 9 F.4th at 362 (citing *TransUnion*, 141 S. Ct. at 2204). "A common-law or historical analogue need not be an 'exact duplicate' to make this showing." *Id.* (quoting *TransUnion*, 141 S. Ct. at 2209).  Here, Toogood contends that her "common law analogue is not the state of confusion itself, but confusion arising out of an informational violation that has common law roots in fraud and fraudulent misrepresentation." [DE 35 at 189–90]. The Sixth Circuit has held that "[c]onfusion does not have 'a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit.'" *Garland v. Orlans, PC*, 999 F.3d 432, 437 (6th Cir. 2021) (quoting *Spokeo*, 136 S. Ct. at 1549). Moreover, there is no evidence that Congress intended to make confusion a cognizable injury in fact. *See id.* at 437–38.

Toogood tries to distinguish *Garland* by arguing that the Sixth Circuit limited *Garland* to its facts. [DE 35 at 189].  However, the Sixth Circuit has not indicated that *Garland* is so constrained.  In *Garland*, the plaintiff brought a claim under the FDCPA alleging that he was

4

confused by a letter he received from a lender. 999 F.3d at 435–36. The Sixth Circuit held that a plaintiff asserting a procedural violation, like a violation of the FDCPA, cannot bring a claim unless he has suffered an injury in fact. *See id.* at 436. Ultimately, the plaintiff's case was dismissed for lack of standing because the Sixth Circuit held that "bare allegations of confusion and anxiety do not qualify as injuries in fact[.]" *Id.* at 440. Toogood has failed to show that *Garland* does not apply. Accordingly, Toogood's confusion does not have a close relationship to a common law analogue traditionally regarded as the basis of a lawsuit. *See id.* at 437.

### B. Independent Injury in Fact

Toogood argues that RMS violated the substantive provisions of §§ 1692e and (e)10 and caused an injury in fact. [DE 35 at 191]. RMS contends that the Sixth Circuit has rejected Toogood's interpretation of the law. [DE 38 at 215]. Toogood asserts that the case law "premising Article III standing exclusively on violations of § 1692e are legion." [*Id.* at 192]. Toogood then cites half-a-dozen cases to support this statement. [*Id.* at 192–93 (citing *Feldheim v. Fin. Recovery Servs.*, 257 F. Supp. 3d 361 (S.D.N.Y. 2017); *Espinal v. Enhanced Recovery Co.*, No. 17-5641, 2020 WL 4048213 (D.N.J. July 16, 2020); *Kausar v. GC Servs. Ltd. P'ship*, 15-6027 (ES) (JAD), 2017 WL 5175596 (D.N.J. Nov. 8, 2017); *Grubb v. Green Tree Servicing, LLC*, No. 13-07421 (FLW), 2017 WL 3191521 (D.N.J. July 27, 2017); *Byrne v. Or. One, Inc.*, No. 3:16-cv-01910-SB, 2017 WL 3568412 (D. Or. July 18, 2017); *Guerrero v. GC Servs. Ltd. P'ship*, No. CV 15-7449 (DRH) (AKT), 2017 WL 1133358 (E.D.N.Y. Mar. 23, 2017))].

None of the cases cited by Toogood to support her position were decided by courts in the Sixth Circuit. Instead, they directly contradict the Sixth Circuit's holdings in *Buchholz* and *Garland*. In *Buchholz*, a plaintiff alleged that a letter he received from a law firm related to his debts caused him anxiety. *See* 946 F.3d at 859–60. The Sixth Circuit held that the plaintiff's

5

anxiety did not meet the traceability requirement because it was "self-inflicted." *Id.* at 866. Mere anxiety that results from the failure to pay an undisputed debt could not amount to "a cognizable injury in any case." *Id.* at 864–67. The Sixth Circuit expanded on this holding in *Garland*. *See Spillman*, 2022 WL 696801, at *4. In *Garland*, the Sixth Circuit held that a plaintiff's anxiety and confusion are "not concrete enough to support standing." 999 F.3d at 437. Moreover, this Court has interpreted *Garland* to stand for the principle that confusion and anxiety are not injuries in fact. *See Spillman*, 2022 WL 696801, at *4 (citing *id.* at 438–89). Although Toogood cites several cases to support her position, the Sixth Circuit's precedent in *Garland* and *Buchholz* must control. Therefore, Toogood has failed to show that her confusion is considered an independent injury in fact. *See Garland*, 999 F.3d at 437.

Even after accepting the facts in the Complaint as true, see *Armstrong Coal Co.*, 927 F. Supp. 2d at 461, Toogood has failed to show that the Court has standing under Article III. Because Toogood has failed to satisfy her burden, the Court cannot exercise subject matter jurisdiction over this action. *See Madison-Hughes*, 80 F.3d at 1130. Accordingly, RMS's Motion to Dismiss [DE 28] pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**.

## IV. CONCLUSION

For the reasons above, and the Court being otherwise sufficiently advised, **IT IS ORDERED AS FOLLOWS**:

(1) RMS's Motion to Dismiss [DE 28] is **GRANTED**. This matter is **DISMISSED** without prejudice and **STRICKEN** from the Court's docket.

Rebecca Grady Jennings, District Judge
United States District Court

September 14, 2022